IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAMAR ANTWAN DONALD, #143854**                                            **PETITIONER**

v.                                                                    CIVIL NO. 1:22-cv-170-HSO-LGI

**SHEILA PARKS, Warden**                                                  **RESPONDENT**

<u>**ORDER OF DISMISSAL**</u>

This matter is before the Court sua sponte. Pro se Petitioner Lamar Antwan Donald is a post-conviction inmate incarcerated with the Mississippi Department of Corrections, and he filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254 on July 11, 2022. The Court has considered and liberally construed the pleadings, and finds that this case should be dismissed.

I. <u>BACKGROUND</u>

Donald is currently serving a six-year sentence for convictions of possession of a controlled substance and possession of a firearm by a felon in the Circuit Court of Harrison County, Mississippi. Pet. [1] at 1. Donald petitioned the state trial court for a parole eligibility date, and he appears to seek release on bond while his state petition is pending.[1] *Id*. at 5. However, during the pendency of this case, the trial court denied Donald's petition for parole eligibility consideration. Resp. [19] at 1-2. Donald alleges, without

---

[1] Mississippi law provides that an offender "who has not committed a crime of violence" and "has served twenty-five percent (25%) or more of his sentence may be paroled by the State Parole Board" if the sentencing judge "authorizes the offender to be eligible for parole consideration." Miss. Code Ann. § 47-7-3(1)(h)(iv) (2021).

elaboration, that the decision to deny his petition for parole eligibility was "the result of bias and retaliation." Resp. [14] at 4.

In response to the Court's Order [10] directing him to clarify the relief he seeks in this case, Donald states that he seeks "an injunctive order . . . commanding" the Mississippi Department of Corrections ("MDOC") to "properly and adequately compute his time served." *Id*. Donald also wants this Court to "issue a decree" directing the state trial court to "revisit its decision" to "ensure that [he] receives a fair review." *Id*.

## II. DISCUSSION

"A federal court may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (quotation omitted). The existence of a constitutional deprivation or violation of federal law implicates a district court's habeas jurisdiction and must be addressed sua sponte, if necessary. *Moore v. Dretke*, 369 F.3d 844, 846 n.3 (5th Cir. 2004) (per curiam).

A. Habeas corpus relief

Donald does not seek invalidation of his convictions or sentence in this Petition. Instead, he claims that the Harrison County Circuit Court erred in denying his petition for a parole eligibility date. Resp. [14] at 4. At most, Donald claims that in denying his petition, the state court violated his due process rights.

In order to proceed on his due process claim, Donald must show that he was "deprived of a liberty interest protected by the Constitution or other federal law." *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 358 (5th Cir. 2014). Parole is discretionary under Mississippi law and therefore creates no liberty interest. *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). Without a liberty interest in parole, Donald does not have a liberty interest in a parole eligibility determination. "[T]here can be no constitutionally protected interest in parole consideration without a constitutionally protected interest in parole release." *Young v. LeBlanc*, No. 20-30430, 2022 WL 2072861, at *4 (5th Cir. June 9, 2022) (finding that district court did not err in dismissing prisoner's due process claim arising from a delay in his parole consideration); *Bass v. Hall*, 692 F. App'x 207, 208 (5th Cir. 2017) (holding that Mississippi prisoner "has no liberty interest in parole and, concomitantly, has no constitutionally protected right to a parole case plan"); *Wansley*, 769 F.3d at 312-13 (holding that when a prisoner "has no liberty interest in obtaining parole . . . he cannot complain of the constitutionality of procedural devices attendant to parole decisions") (quotation omitted)). Since Donald has no liberty interest in parole, he cannot assert a federal constitutional challenge to the procedures employed in deciding his petition for parole eligibility. Therefore, Donald's due process claim fails.

Donald's allegations are sparse, but to the extent he claims that the state trial court misinterpreted its own law when denying his parole eligibility

petition, he may not proceed with his claims in this habeas petition. *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) (finding the proper interpretation of state law is not cognizable in federal habeas proceedings); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.").

In sum, Donald fails to state a viable ground for habeas corpus relief.

B.  Mandamus relief

The Court interprets Donald's request for an order directing prison officials to calculate the amount of time he has served in prison in a particular manner and his request for this Court to direct the state trial court to "revisit its decision" as requests for mandamus relief. Resp. [14] at 4. However, mandamus relief is not available for either of these situations.

"A district court's mandamus authority does not extend to directing state officials in the performance of their duties and functions." *Wheeler v. Miss. State Parole Bd.*, No. 21-60386, 2021 WL 4977324, at *1 (5th Cir. Oct. 26, 2021) (citing *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)). In *Noble v. Cain*, a similar issue arose when a prisoner asked the Fifth Circuit to compel prison officials to provide him with an affidavit indicating that a particular notice was not received in the prison mail room. *Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005). The Court found the remedy sought to be in the nature of mandamus relief and thus not available to direct state prison officials in the performance of their duties and functions. *Id.* (applying *Moye*);

4

*see also Smith v. Marvin,* 846 F. App'x 259, 260-61 (5th Cir. 2021) (applying *Moye* to a prisoner claiming that state officials deprived him of due process in relation to his applications for state postconviction relief and finding mandamus relief was not available). Based on the foregoing, mandamus relief is not available to direct MDOC officials or the state trial court in the performance of their duties and functions related to Donald's time computation or parole eligibility petition. Donald's requests for mandamus relief should be denied.

### III. CONCLUSION

Having thoroughly reviewed and liberally construed Donald's Petition [1] and Responses [14], [19], the Court finds that this civil action should be dismissed with prejudice because Donald fails to assert a viable ground for habeas corpus relief.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE.** A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of May, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE