IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAMAR ANTWAN DONALD, #143854                            PETITIONER

v.                                                CIVIL NO. 1:22-cv-170-HSO-LGI

SHEILA PARKS, Warden                                        RESPONDENT

## ORDER CONSTRUING PETITIONER'S RESPONSE [23] AS A MOTION TO ALTER OR AMEND JUDGMENT AND DENYING PETITIONER'S MOTION [23]

This habeas corpus case is before the Court on pro se Petitioner Lamar Antwan Donald's Response [23] which the Court liberally construes as a Motion to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Donald moves the Court to reconsider its Order of Dismissal [20] and Final Judgment [21] entered on May 9, 2023, which dismissed his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. For the following reasons, Donald's Motion should be denied.

### I. BACKGROUND

Donald is serving a six-year sentence imposed in the Circuit Court of Harrison County, Mississippi, for convictions of possession of a controlled substance and possession of a firearm by a felon. Pet. [1] at 1. Donald challenged the state trial court's decision to deny his petition for parole eligibility consideration, *see* Order of Dismissal [20] at 1, and he asked this Court to "issue a decree" directing the state trial court "revisit its decision" to "ensure that [he] receives a fair review," *id*. at 2. Additionally, Donald sought "an injunctive order . . . commanding" the

Mississippi Department of Corrections ("MDOC") to "properly and adequately compute his time served." *Id.*

The Court found that Donald did not have a liberty interest in a parole eligibility determination, inasmuch as parole is discretionary under Mississippi law. *Id.* at 3. The Court determined that because Donald has no liberty interest in parole, he could not assert a federal constitutional challenge to the procedures employed in deciding his petition for parole eligibility. *Id.* The Court further found that mandamus relief was not available to direct MDOC officials or the state trial court in the performance of their duties related to Donald's time computation or parole eligibility consideration. *Id.* at 5. The Court concluded that Donald failed to state a viable ground for habeas corpus relief, and that he was not entitled to mandamus relief. *Id.* at 4–5. Accordingly, on May 9, 2023, the Court dismissed this civil action with prejudice. J. [21] at 1.

Initially, it appears that Donald's current, untitled pleading [23] is a response to the Court's prior Show Cause Order [18] because he states that he would like to "show reason as to why my case should not be dismissed." Resp. [23] at 1. However, Donald had already filed a timely response to the Show Cause Order and the Court considered his Response [19] in rendering its decision. *See* Order of Dismissal [20] at 1, 5. Donald also states that he "strongly wish[es] to continue [with his] case" and "move forward." Resp. [23] at 1.

"The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420,

426 (5th Cir. 2011) (per curiam) (finding pro se prisoner's filing should be construed as motion for relief from judgment rather than second habeas petition); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed pro se is "to be liberally construed") (quotation omitted)).  Donald states that he is showing reason why his case should not be dismissed, and that he seeks to continue with this case.  Applying a liberal construction to Donald's pleading, and in light of the procedural posture of this case, the Court finds that Donald is seeking reconsideration of the Final Judgment.  The Court therefore liberally construes Donald's Response [23], filed within 28 days of the Judgment [21], as a Motion to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

Federal Rule of Civil Procedure 59(e) permits a habeas petitioner to request that a district court reconsider a judgment within 28 days from the entry of that judgment.  *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); Fed. R. Civ. P. 59(e).  A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued."  *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021) (quotation omitted); *see also Wease v. Ocwen Loan Servicing, L.L.C.*, 852 F. App'x 807, 809 (5th Cir. 2021) (defining "manifest error" in consideration of Rule 59(e) motion as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law") (quotation omitted)).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Donald fails to assert any arguments demonstrating a plain and indisputable error by the Court or a disregard of the controlling law. He seeks reconsideration of the Court's decision but fails to establish manifest error or present newly discovered evidence, or assert any arguments that were not previously available to him. Therefore, Donald fails to satisfy the requirements for obtaining relief under Rule 59(e).

### III.  CONCLUSION

For the foregoing reasons, Donald's motion for reconsideration under Rule 59(e) will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pro se Petitioner Lamar Antwan Donald's Response [23], construed as a Motion to Alter or Amend a Judgment under Rule 59(e), is **DENIED**.

**SO ORDERED**, this the 22nd day of August, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE